Shaw, C. J.
The defendant was master of the barqu • Mary Kimball; belonging to Edmund Kimball; and by a cortraet entered into between the plaintiff and the owner, the latter contracted with Richardson to carry emigrant passengers to the island of Jamaica, conformably to the terms of a colonial act of that island. The plaintiff had also entered into an agreement, with Edmund A. Grattan, British consul and colonial agent, respecting such passengers. The plaintiff then alleges, that the defendant undertook to act as his agent, in certain respects, and amongst other things, to sell such smplus provisions and stores, as he should have, after landing his passengers, and to account to the plaintiff for the proceeds.
It appeared, that .the plaintiff had given the defendant a letter of instructions, dated the 31st of October, 1841, to direct him as to some of the requirements of the voyage, provided for in their agreement. After cautioning him to see that the provisions are providently dealt out on the voyage, he directs thus: “ After you have ended the voyage, and landed your passengers, you will dispose of the remaining provisions and stores to the. best advantage, and the proceeds of sales you *426 will remit,” &e. Towards the close he says: “ I hope you will exercise the same care for my interest as though you were acting for yourself.”
This action was brought to recover damages for the alleged non-performance of the defendant’s contract, in not having sold the goods and remitted the proceeds.
The defendant undertook to justify such non-performance, on the ground, that the provisions could not be landed and sold at Kingston, without subjecting the vessel to the payment of tonnage and other duties amounting to about $375. The plaintiff admitted, that it would have been injudicious in the defendant, to have made a sale of the property at Kingston, as the plaintiff’s agent, if, by such a sale, the plaintiff would have been chargeable with such tonnage and other duties. Primd facie, this was a good defence to the claim, and a good account rendered of the defendant’s agency. He was to sell, if at all, as plaintiff’s agent; the plaintiff would primd facie be chargeable with expenses incurred on his account and exclusively for his benefit, as well for duties chargeable to the master solely on his account, as for lighterage, stdrage, broker’s commissions, and other necessary and incidental expenses. If these expenses would exceed the value of the goods, a sale would have been injurious, and not beneficial to the plaintiff. The expenses chargeable on the sale would have exceeded the proceeds, and left no proceeds for the owner.
In this stage of the trial, the plaintiff offered to prove by paroi evidence, that the defendant made an absolute agreement to sell the provisions, at or before the time of the plaintiff’s agreement to have the passengers transported in the Mary Kimball; that it was well known to the defendant and to Kimball, that the plaintiff would not take the risk of the duties at Kingston; that the defendant agreed absolutely ti sell the property at Kingston ; that no right was reserved on the part of the defendant to charge the duties to the plaintiff; and that the plaintiff procured a cargo of ice for the vessel, which, with the amount to be paid for passengers, was a sufficient consideration for the risk agreed to be assumed by the defendant. This evidence was rejected, and we think rightfully
E. Blake, for the plaintiff.
G. G. Thomas, for the defendant.
As to the last ground suggested, that of consideration, it shows no consideration from the plaintiff to the defendant, but to the owners ; and if this affords any ground of claim, it is upon the owners who. were to receive the freight, and not on the master. It seems somewhat repugnant to say, that before any agreement made by the plaintiff to ship passengers, and whilst the negotiation was going on, the defendant personally made an absolute agreement, to sell such provisions as the passengers might not consume. But without laying any stress on this, we are of opinion, that the agency of the defendant, and his obligation to perform it, growing out of the relation of master of the vessel with a shipper of goods, under the circumstances, were definitely manifested by the letter of instruction, given to and accepted and acted jpon by the defendant, and that whether we consider the letter as a contract in writing, or as the authoritative direction given by a principal to his agent, it supersedes all paroi evidence of a previous verbal agreement, in regard to the matters embraced in such letter. This evidence, therefore, could not be legally admitted to control such written direction. Exceptions overruled.